**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**
---------------------------------------------------------x
NNG, Kft., a Hungarian corporation,

          Plaintiff,                              **COMPLAINT**

vs.

SOUND AROUND, INC., a New York
corporation; and ZIGMOND BRACH, an
individual,

          Defendants.
---------------------------------------------------------x

      Plaintiff NNG, Kft. ("NNG" or "Plaintiff"), for its Complaint against Defendants Sound

Around, Inc. ("Sound Around") and Zigmond Brach ("Brach") (together, "Defendants" and each

individually a "Defendant"), alleges as follows:

## NATURE OF THIS ACTION

      1.      This is an action for copyright infringement under the Copyright Act of 1976,

violations of the Digital Millennium Copyright Act, and trademark infringement and trademark

counterfeiting under the Lanham Act, arising out of Defendants' sale of head units containing

pirated versions of NNG's iGo software, Defendants' circumvention of NNG's security

measures, and Defendants' unauthorized use of NNG's federal trademarks.

## PARTIES

      2.      Plaintiff NNG, Kft. is a corporation organized under the laws of Hungary, with its

principal place of business at Szépvölgyi út 35-37., Budapest, Hungary H-1037.

      3.      Defendant Sound Around, Inc. (defined above as "Sound Around") is a New York

corporation with its principal place of business at 1600 63rd Street, Brooklyn, New York, 11204.

4.     Defendant Zigmond Brach is the CEO of Sound Around and is a resident of the State of New York.   Upon information and belief, Zigmond Brach is the owner of Sound Around.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201, because NNG's claims against Defendants arise under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6.     This Court has personal jurisdiction over Defendant Sound Around, because it is a New York corporation with its principal place of business in New York. This Court has personal jurisdiction over Defendant Brach, because he is a resident of the State of New York.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), because Defendant Sound Around resides in this judicial district and all Defendants are residents of the State of New York, in which this district is located.   Alternatively, a substantial part of the events or omissions giving rise to NNG's claims occurred in this district.

## GENERAL ALLEGATIONS

8.     Plaintiff NNG is a global company that develops navigation and infotainment systems for automotive companies around the world.   NNG has spent a large amount of time and resources developing navigation software that covers over 190 countries and is offered in 50 languages.   NNG software has been shipped in more than 20 million units globally and the company has partnerships with more than 150 hardware manufacturers worldwide.   NNG has 12 offices and 4 auxiliary offices on 6 continents, and nearly 1,000 employees.

9.     NNG owns several United States copyright registrations for various versions of its navigation software (the "Copyrighted Works") including:

| Title of Work | Registration Number | Author | Completion Date | Registration Date |
|---|---|---|---|---|
| iGo 2008 | TX0007685142 | NNG Kft | 2007 | 5/29/2013 |
| iGo Amigo | TX0007685141 | NNG Kft | 2009 | 5/29/2013 |
| iGo Primo | TX0007685140 | NNG Kft | 2010 | 5/29/2013 |
| iGo Primo 9.6.2.202130 | TXu001912433 | NNG Kft | 2011 | 10/7/2014 |
| iGo Primo 9.6.2.209584 | TX0007926787 | NNG Kft | 2011 | 10/7/2014 |

True and accurate copies of the registration certificates are attached hereto as **Exhibit A**.

10.     NNG employs technological protection measures that control access to the Copyrighted Works. The protection measures verify that the software is licensed to run on the devices on which it is installed.  If the protection measures indicate that the software is not licensed, the software will not run.

11.     NNG has a security and device enabling procedure that it follows whenever a potential customer wants to use its proprietary software on a device.  The potential licensee must send two physical devices to NNG for NNG to port the software and test the device.  After the porting and testing is conducted by NNG, the customer can order the licenses by sending a signed purchase order to NNG and/or by signing a software license agreement with NNG.  Upon the receipt of the purchase order or software license agreement, NNG sets up a license pool and sends a customized version of the software to the device manufacturer with an invoice to the licensee for a specific number of licenses.  After receiving the authorized customized software and the license pool is opened, the manufacturer is then allowed to download from the pool and install the software on the hardware devices.  Each license is locked to a unique hardware ID (via an SD card ID or device ID), so the license always verifies whether it is installed on the appropriate hardware.

12.     Since as early as 2005, NNG has sold its navigation software under various "iGo" trademarks, including "IGO MY WAY," "IGO 8," "IGO AMIGO," "IGO PRIMO" and the "IGO MY WAY" logo mark shown below:



13.     NNG also uses the NAVIEXTRAS and NAVIEXTRAS.COM marks for an online retail store that offers updates for NNG's navigation software.

14.     NNG owns common law rights in the foregoing marks and also owns the following federal trademark registrations and pending application:

| Mark | Registration No./Serial No. (Date) | Goods / Services |
|---|---|---|
| IGO PRIMO | 3,883,494 (November 30, 2010) | Computer programs and software for use in fixed or handheld microcomputers enabling navigation by the use of global positioning systems, in Class 9 |
|  | 3,546,985 (December 16, 2008) | Computer programs and software for use in fixed or handheld microcomputers enabling navigation by the use of global positioning systems (GPS) data in Class 9 |
| IGO NAVIGATION | Serial No. 86785526 (October 12, 2015) | Computer programs, namely, programs for providing navigational directions within vehicles; and other goods in Class 9<br><br>Computer programming; maintenance of computer software and other services in Class 42<br><br>Licensing of intellectual property in Class 45 |
| NAVIEXTRAS | 3,758,548 (March 9, 2010) | On-line retail store services featuring computer software in the field of navigation in Class 35 |
| NAVIEXTRAS.COM | 3,714,826 (November 24, 2009) | On-line retail store services featuring computer software in the field of navigation in Class 35 |

A true and accurate copy of the registration certificates and applications are attached hereto as **Exhibit B**.

## DEFENDANTS' ACTIVITIES

15.     Defendant Sound Around is a manufacturer and distributor of automotive audio and video electronics products and accessories, such as amplifiers, speakers, DVD players, and "head units," which is the command center for car audio and video systems.  Sound Around sells products through, among other channels, Amazon.com, Wal-Mart, and independent electronics stores.

16.     Upon information and belief, the head units sold by Sound Around with navigation functionality include navigation software.  Navigation software is essential to the functionality of the navigation features of those devices.

17.     Sound Around sold head units containing unlicensed "cracked" copies of NNG's iGo software.  Sound Around sold units under various brand names, including the LANZAR and PYLE brands.

18.     As part of its investigation into Sound Around, NNG obtained from Amazon.com a LANZAR brand device, model SNV695B, sold by Sound Around.  The device came with a single micro-SD card.   Inspection of the micro-SD card revealed that it contained an unauthorized, unlicensed, "cracked" copy of NNG's iGo Primo navigation software version 9.6.13.405512.  The executable portion of the software had been modified to circumvent the software's technical copyright protection measures and permit the software to operate on the device.  When the device was activated, it displayed NNG's IGO PRIMO trademark:



19.     NNG also obtained a PYLE brand device, model PLBT72G, sold by Sound Around.   The device came with a single micro-SD card.   Inspection of the micro-SD card revealed that it contained an unauthorized, unlicensed, "cracked" copy of NNG's iGo Primo navigation software, version 9.6.5.221194.   The executable portion of the software had been modified to circumvent the software's technical copyright protection measures and permit the software to operate on the device.   When the device was activated, it displayed NNG's IGO PRIMO and IGO MY WAY logo marks as shown below:



20.     Upon information and belief, Sound Around sold the two units described above and numerous other head units containing pirated iGo software ("Infringing Units").

21.     Upon information and belief, Sound Around installed or directed the installation of pirated iGo software on the Infringing Units, or acquired the Infringing Units containing pirated iGo software for the purpose of reselling the Infringing Units.

22.     The pirated iGo software on each of the Infringing Units includes (a) a version of one of the Copyrighted Works or a version substantially similar thereto, and (b) a component of code that circumvents the protection measures of the version of the Copyrighted Works present on that device (the "Circumvention Component").   When the navigation software on the Infringing Units is activated, the version of the Copyrighted Works checks to verify it is properly

installed, as described above.  Each time, the Circumvention Component circumvents this protection measure verification and allows the iGo software to run on the device.  As a result, a circumvention of NNG's technological protection measures occurs each time the navigation software on one of the Infringing Units is activated.

23.    Upon information and belief, Sound Around sold the Circumvention Component on each and every Infringing Unit.

24.    Upon information and belief, Sound Around knew at the time it sold the Infringing Units that the iGo software installed on the Infringing Units was pirated.  Indeed, Sound Around's website contains a copyright notice indicating that it is aware of copyright laws and claims protection for its own copyrighted material.

25.    The trademarks displayed on the navigation splash pages on the Infringing Units are identical to NNG's iGo PRIMO and iGO MY WAY marks.  Sound Around's use of counterfeits of these marks was and is likely to cause confusion, mistake, or deception among consumers as to the source or origin of the navigation software on the Infringing Units, and/or whether the navigation software on the Infringing Units is sponsored and/or supported by NNG.

26.    NNG has learned that Sound Around also sold head units containing copyrighted demo versions of NNG navigation software without authorization from NNG.  The demo version of the navigation software was designed to operate in a retail store until a GPS signal is received. The splash screen for the demo version of the navigation software clearly indicated that the software was provided to a company other than Sound Around.   The splash screen featured marks identical to NNG's NAVIEXTRAS.COM and NAVIEXTRAS trademarks.   Sound Around's use of counterfeits of these marks was and is likely to cause confusion, mistake, or deception among consumers as to the source or origin of the navigation software on the units.

(The units on which unauthorized versions of the demo software was used are referred to as the "Infringing Demo Units").

27.     Upon information and belief, purchasers of the Infringing Units from Sound Around complained that the pirated iGo software on the Infringing Units could not be upgraded.

28.     Upon information and belief, Zigmond Brach, who is the CEO of Sound Around, either personally participated in Sound Around's infringement or was the moving, active conscious force behind the company's infringement.  Upon information and belief, Mr. Brach, with knowledge of the infringing activity taking place, induced, caused, materially contributed to, assisted, or encouraged the infringing activity.

29.     Additionally, upon information and belief, Brach had the right and ability to supervise Sound Around's infringing conduct and had the right and ability to discontinue the infringing conduct.  Upon information and belief, Brach benefited financially from Sound Around's infringing conduct, including from the greater revenue and profits that Sound Around was able to earn as a result of its use of pirated iGo software.

### COUNT I
**(Direct Copyright Infringement, 17 U.S.C. § 501 *et seq.*,**
**against Sound Around and Brach)**

28.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

29.     At all times relevant hereto, Plaintiff NNG has been the owner of the copyrights in the Copyrighted Works.

30.     Plaintiff NNG owns valid copyright registration certificates from the United States Copyright Office for the Copyrighted Works at issue in this matter.

31.     Defendants reproduced and/or distributed one or more of the Copyrighted Works, derivatives of one or more of the Copyrighted Works, or software substantially similar to one or more of the Copyrighted Works, without authorization.

32.     Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

33.     Plaintiff NNG has been damaged by Defendants' conduct, including, but not limited to economic losses.

34.     Plaintiff NNG is entitled to an award of actual or statutory damages for each instance of copyright infringement by Defendants plus attorneys' fees and costs.

## COUNT II
### (Contributory Copyright Infringement against Brach)

35.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

36.     Upon information and belief, Defendant Brach intentionally induced, caused, materially contributed to, assisted or encouraged the infringement of the Copyrighted Works by Defendant Sound Around.

37.     Upon information and belief, Defendant Brach knew or should have known that Defendant Sound Around's head units contained pirated software and either turned a blind eye to the activity.

38.     As the direct and proximate result of such acts, Plaintiff NNG has suffered, and will continue to suffer, monetary damages and irreparable injury.

39.     Plaintiff NNG is entitled to an award of actual or statutory damages for each instance of contributory copyright infringement by Defendant Brach plus attorneys' fees, and all associated costs.

## COUNT III
### (Vicarious Copyright Infringement against Brach)

40.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

41.     Upon information and belief, Defendant Brach profited directly from the direct copyright infringement by Sound Around.

42.     Upon information and belief, Defendant Brach had the right and ability to supervise the infringing activity and the right and ability to stop or limit such infringement.

43.     Upon information and belief, Defendant Brach promoted or induced the direct copyright infringement by Sound Around.

44.     As the direct and proximate result of such acts, Plaintiff NNG has suffered, and will continue to suffer, monetary damages and irreparable injury.

45.     Plaintiff NNG is entitled to an award of actual or statutory damages for each instance of vicarious copyright infringement by Defendant Brach plus attorneys' fees, and associated costs.

## COUNT IV
### (Direct Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A) against Sound Around and Brach)

46.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

47.     Plaintiff NNG employs technological protection measures that effectively control access to the Copyrighted Works.

48.     Upon information and belief, Defendants created, purchased, or otherwise acquired navigation devices containing pirated versions of the Copyrighted Works which include code that allows the Copyrighted Works to run on non-approved devices.  Such code overrides or

gets around NNG's technological copyright protection measures, and allowed Defendants to sell or resell unlicensed but functional navigation devices, thereby circumventing Plaintiff's technological copyright protection measures. Accordingly, Defendants' actions constitute circumvention of a technological measure, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A).

49.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

50.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3).  Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

51.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

52.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

## COUNT V
### (Contributory Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A) against Sound Around and Brach)

53.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

54.     Upon information and belief, Defendants instructed, induced, and/or caused the entity from which it obtained the pirated versions of the software to circumvent the technological copyright protection measures in the software, and/or knew, or had reason to know, that the entity had to circumvent such protection measures in order to provide Sound Around with head units with functional navigation for resale.

55. Accordingly, Defendants are contributorily liable under 17 U.S.C. § 1201(a)(1)(A) for the above-described entity's actions in circumventing the technological copyright protection measures within the Copyrighted Works.

56. Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

57. Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2). Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3). Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

58. Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

59. Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

## COUNT VI
**(Vicarious Violations of the Digital Millennium Copyright Act,
17 U.S.C. § 1201(a)(1)(A) against Sound Around and Brach)**

60. Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

61. Upon information and belief, Defendants had the right and ability to supervise the entity that installed the navigation software in the Infringing Units.

62. The navigation software installed in the Infringing Units circumvented the technological copyright protection measures in Plaintiff's copyrighted software.

63. Defendants benefitted financially from the use of pirated iGo software in the Infringing Units.

64.     Accordingly, Defendants are vicarious liable for the above-described entity's actions in circumventing the technological copyright protection measures within the Copyrighted Works.

65.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

66.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3).  Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

67.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

68.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

### COUNT VII
**(Direct Violations of the Digital Millennium
Copyright Act, 17 U.S.C. § 1201(a)(2) against Sound Around and Brach)**

69.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

70.     Upon information and belief, Defendants sold the Circumvention Component as part of the Infringing Units, which allowed the Copyrighted Works to run on non-approved devices.  Such code overrode and/or gets around NNG's technological copyright protection measures.

71.     Upon information and belief, the Circumvention Component is used to circumvent a technological copyright protection measure, since it avoids, bypasses, removes,

deactivates, and/or impairs a technological copyright protection measure without the authority of Plaintiff NNG for the purpose of gaining unauthorized access to the Copyrighted Works.

72.     The Circumvention Component is installed and sold on each Infringing Unit sold by Defendants.

73.     Each time the navigation software on the Infringing Units is activated, the Circumvention Component circumvents the copyright protection measure verification of the Copyrighted Works and allows the iGo software to run on the device.   As a result, a circumvention of Plaintiff NNG's technological copyright protection measures happens every time the navigation software on one of the Infringing Units is activated.

74.     Without the presence of the Circumvention Component on each of the Infringing Units, the iGo software would not run, because the technological copyright protection measures would prevent the iGo software from running.

75.     Upon information and belief, Defendants included the Circumvention Component within each of the Infringing Units they distributed.

76.     The Circumvention Component comprises a "component or part thereof" prohibited by the DMCA.

77.     As a result, Defendants manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing Plaintiff NNG's technical copyright protection measures that effectively control access to the Copyrighted Works.

78.     Accordingly, Defendants' actions constitute a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2).

79.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

80.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3). Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

81.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

82.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

## COUNT VIII
### (Contributory Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2) against Sound Around and Brach)

83.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

84.     Upon information and belief, Defendants instructed, induced, and/or caused the entity from which it obtained the pirated versions of the software to circumvent the technological copyright protection measures in the software, and/or knew, or had reason to know, that the entity had to circumvent such protection measures in order to provide Sound Around with head units with functional navigation for resale.

85.     As a result, the entity manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing Plaintiff NNG's technical copyright protection measures that effectively control access to the Copyrighted Works and Defendants induced, caused, materially contributed to, or assisted in such activity.

86.     Accordingly, Defendants' actions constitute contributory violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2).

87.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

88.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3). Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

89.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

90.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

### COUNT IX
**(Vicarious Violations of the Digital Millennium Copyright Act,
17 U.S.C. § 1201(a)(2) against Sound Around and Brach)**

91.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

92.     Upon information and belief, Defendants had the right and ability to supervise the entity that installed the navigation software in the Infringing Units.

93.     The entity manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing Plaintiff NNG's technical copyright protection measures that effectively control access to the Copyrighted Works.

94.     Defendants benefitted financially from the use of pirated iGo software in the Infringing Units.

95.     Accordingly, Defendants are vicarious liable for the above-described entity's actions.

96.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

97.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3).  Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

98.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

99.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

### COUNT X
**(Direct Violations of the Digital Millennium
Copyright Act, 17 U.S.C. § 1201(b) against Sound Around and Brach)**

100.    Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

101.    Upon information and belief, every time a version of the Copyrighted Works is allowed to run on an Infringing Unit (through the circumvention procedure described above), a copy of all or some of that software is copied into the unit's random access memory ("RAM"). This copying is neither permitted nor licensed by Plaintiff NNG and is a violation of 17 U.S.C. § 106.

102.    As a result, Defendants also manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing protection afforded by NNG's technical copyright measures that effectively protect a right of Plaintiff in the Copyrighted Works.

103.     Accordingly, Defendant Sound Around's actions constitute a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(b).

104.     Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

105.     Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3). Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

106.     Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

107.     Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

### COUNT XI
**(Contributory Violations of the Digital Millennium Copyright Act,**
**17 U.S.C. § 1201(b) against Sound Around and Brach)**

108.     Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

109.     Upon information and belief, Defendants instructed, induced, or caused the entity from which it obtained the pirated versions of the software to circumvent the technological copyright protection measures in the software, and/or knew, or had reason to know, that the entity had to circumvent such protection measures in order to provide Sound Around with head units with functional navigation for resale.

110.     As a result, the entity manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing protection afforded by

NNG's technical copyright measures that effectively protect a right of Plaintiff in the Copyrighted Works.

111.    Accordingly, Defendants' actions constitute contributory violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(b).

112.    Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

113.    Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3). Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

114.    Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

115.    Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

## COUNT XII
### (Vicarious Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(b) against Sound Around and Brach)

116.    Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

117.    Upon information and belief, Defendants had the right and ability to supervise the entity that installed the navigation software in the Infringing Units.

118.    The entity manufactured, imported, offered to the public, provided, and/or otherwise trafficked in a technology, product, device, component, and/or part thereof that is primarily designed or produced for the purpose of circumventing protection afforded by NNG's

technical copyright measures that effectively protect a right of Plaintiff in the Copyrighted Works.

119.    Defendants benefitted financially from the use of pirated iGo software in the Infringing Units.

120.    Accordingly, Defendants are vicarious liable for the above-described entity's actions.

121.    Plaintiff NNG has sustained monetary damage, loss, and injury as a result of Defendants' violation in an amount to be determined at trial.

122.    Plaintiff NNG is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Plaintiff NNG is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3).  Plaintiff NNG will make its election at the appropriate time before final judgment is entered.

123.    Plaintiff NNG is entitled to an injunction against Defendants' violation pursuant to 17 U.S.C. § 1203(b).

124.    Plaintiff NNG is further entitled to recover its full costs and reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b).

## COUNT XIII
### (Direct Trademark Counterfeiting, 15 U.S.C. §§ 1114, 1116(d)(1), and 1117, against Sound Around and Brach)

125.    Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

126.    Defendants have used a spurious mark that is identical or substantially indistinguishable from Plaintiff NNG's registered IGO PRIMO mark and which constitutes use of a counterfeit mark in violation of 15 U.S.C. § 1114.

127.    Defendants sold navigation software with each of the Infringing Units and Infringing Demo Units.  Defendants knew the navigation software on the Infringing Units and Infringing Demo Units was not approved by, licensed from, or otherwise supported by NNG.

128.    Defendants used a mark identical to Plaintiff NNG's registered IGO PRIMO, IGO MY WAY, and NAVIEXTRAS marks on the navigation software they sold with these units, without permission from NNG.

129.    Defendants used the marks on goods covered by Plaintiff's federal trademark registrations for the marks.

130.    Defendants engaged in these activities willfully and with knowledge of Plaintiff NNG's rights.

131.    Defendants' acts of infringement and unfair competition have caused NNG to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

132.    Plaintiff NNG is entitled to recovery of its actual damages and Defendants' profits or, at Plaintiff NNG's election, up to $2,000,000 in statutory damages.

## COUNT XIV
### (Direct Trademark Infringement, 15 U.S.C. § 1114, against Sound Around and Brach)

133.    Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

134.    Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, and/or deception as to the source, origin, and/or sponsorship of the navigation software and/or services contained within Sound Around products, and to falsely mislead consumers into believing that the navigation software and/or services contained within those products are those of, affiliated with, and/or approved by, Plaintiff NNG.

135.    Accordingly, Defendants' unauthorized use of the IGO PRIMO, IGO MY WAY, and NAVIEXTRAS marks constitutes an infringement of Plaintiff NNG's registered trademarks in violation of 15 U.S.C. § 1114.

136.    Defendants' acts of infringement and unfair competition have caused Plaintiff NNG to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

137.    Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

138.    Defendants' acts of infringement, unless enjoined by this Court, will continue to cause NNG to sustain irreparable damage, loss and injury, for which NNG has no adequate remedy at law.

### COUNT XV
**(Contributory Trademark Infringement and Counterfeiting
under the Lanham Act, 15 U.S.C. § 1114(a), against Brach)**

139.    Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

140.    Upon information and belief, Defendant Brach intentionally induced the trademark counterfeiting and infringement committed by Sound Around.

141.    Defendant Brach exercised direct control over Defendant Sound Around's choice of software used in its navigation devices, and personally authorized, directed or ratified the use of the infringing marks on the Infringing Units and Infringing Demo Units.

142.    As the direct and proximate result of such acts, Plaintiff NNG has suffered, and will continue to suffer, monetary damages and irreparable injury to its trademark and business.

143.    Plaintiff NNG is entitled to injunctive relief and an award of actual damages, trebled, and attorneys' fees and costs, from Defendant Brach arising from his contributory infringement of NNG's marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NNG requests that the Court:

1.      Enter judgment in favor of Plaintiff and against Defendants on all claims;

2.      Enter a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants and those persons in active concert or participation from directly or indirectly (a) infringing Plaintiff NNG's rights in the Copyrighted Works; (b) violating the DMCA with respect to Plaintiff NNG's software; and (c) infringing or engaging in counterfeiting of NNG's marks.

3.      Enter a preliminary and permanent injunction requiring that Defendants remove all copies of the Copyrighted Works from the Infringing Units, Infringing Demo Units, and from any other units or products manufactured or sold by Defendants that may contain the Copyrighted Works;

4.      Enter an order of impoundment pursuant to 17 U.S.C § 503(a) (1)(A) impounding all devices containing copies of the Plaintiff's Copyrighted Works, which are in Defendants' possession, custody, control, or within its distribution channels;

5.      Enter an order of impoundment pursuant to 17 U.S.C. § 1203(b)(2) impounding any device or product in Defendants' possession, custody, or control that has been inolved in Defendants' circumvention of Plaintiff NNG's technological protection measures;

6.      Enter an order requiring the destruction, pursuant to 15 U.S.C. § 1118, of: (a) all lables, signs, prints, packages, wrappers, receptables, and advertisements in the possession of Defendants bearing Plaintiff NNG's trademarks, (b) any materials containing false designations of origin, false descriptions, or misrepresentations of fact concerning Plaintiff NNG and/or its products, (c) any materials bearing any reproduction, counterfeit, copy, or colorable imitation of

Plaintiff NNG's trademarks; and (d) all plates, molds, matrices, and other means of making the same.

7.    Enter an order of impoundment pursuant to 17 U.S.C § 503(a)(1)(C) impounding all records documenting the manufacture, sale, or receipt of things involved in the infringement of the Copyrighted Works;

8.    Enter judgment in favor of Plaintiff and against Defendants for damages as follows: (a) the amount of Plaintiff's actual damages and Defendants' profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff; (b) the amount of Plaintiff's actual damages and profits derived from Defendants' trafficking in components that are primarily designed for circumvention of Plaintiff NNG's protection measures, or statutory damages for each violation in an amount provided by law, in accordance with 17 U.S.C. § 1203(c)(1)(A), at the election of Plaintiff; and (c) the amount of Plaintiffs' actual damages and profits derived from Defendants' infringement of Plaintiff NNG's marks, and the costs of the action, in accordance with 15 U.S.C. § 1117(a), and that such amounts be trebled pursuant to 15 U.S.C. § 1117(b), or, at Plaintiff's election, statutory damages in the amount of $2,000,000;

9.    Enter judgment in favor of Plaintiff and against for Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505 and 1203(b) and 15 U.S.C. § 1117(a)(3); and

10.     For entry of judgment that Plaintiff NNG be granted such other relief as the Court deems just, equitable and proper.

Dated: this 13th day of September, 2017.

Respectfully submitted,

LEWIS ROCA ROTHGERBER  CHRISTIE LLP


By:   */s/ Shane E. Olafson*
      Shane E. Olafson (SO 0784)
      solafson@lrrc.com
      Michael J. McCue (*pro hac vice* forthcoming)
      mmccue@lrrc.com
      201 East Washington Street, Suite 1200
      Phoenix, AZ 85004
      Phone: 602.262.5327
      Fax: 602.734.3756
      *Attorneys for Plaintiff NNG, Kft.*